## Ranck v. New Holland Borough.

*Trespass—Counter-claim—Practice Act of May 14, 1915.*

Under the Practice Act of May 14, 1915, P. L. 483, a set-off or counter-claim cannot be set up in an action of trespass, although the claims of the plaintiff and of the defendant both arise out of the same transaction.

Rule to strike off defendant's counter-claim. C. P. Lancaster Co., Sept. T., 1921, No. 55.

*John A. Coyle,* for rule; *M. G. Schaeffer,* contra.

LANDIS, P. J., Sept. 22, 1923.—On Aug. 26, 1921, the plaintiff brought an action of trespass against the defendant, and she filed her statement of claim, in which she sought to recover because of the defendant's negligence. Her allegation was that on or about July 15, 1921, by its agents or employees, the borough laid a cement paving or sidewalk, curbing, &c., in front of her premises on West Main Street, in the Borough of New Holland, and, in so doing, damaged her property to the amount of $350. The defendant then filed a set-off and counter-claim. In it the assertion was made that the Borough of New Holland had passed a resolution authorizing the burgess to give notice to the said Annie Ranck that she should construct a seven-foot wide pavement and curb in front of her premises, and that she failed to heed the notice and did not commence to construct the same within the time required in the notice; that the borough thereupon commenced the work of grading the ground for that purpose, and, in so doing, incurred expense to the amount of $53.50; that, after certain obstructions had been removed, the plaintiff completed the pavement and curb.

A motion was made by the plaintiff to strike off the counter-claim, and this is the matter now before us.

I do not see upon what theory the defendant in this case has filed a set-off. The Practice Act of May 14, 1915, § 14, P. L. 483, declares that, "in actions of *assumpsit,* a defendant may set off or set up by way of counter-claim against the claim of the plaintiff any right or claim for which an action of *assumpsit* would lie; . . ." and section 15 declares that "when the defendant in his affidavit of defence sets up a set-off or counter-claim against the plaintiff, the plaintiff, within fifteen days from the day of service of the affidavit of defence upon him, shall file an answer under oath, which shall be called 'plaintiff's reply,' . . ." The character of the endorsement on the set-off or counter-claim is contained in this section of the act, and the defendant, who did not file an affidavit of defence, appears to have followed its requirements as to set-offs or counter-statements.

I am of the opinion that the whole proceeding is irregular, and that there is no warrant for it under the Act of 1915. As the action was trespass, the defendant was not obliged to file an affidavit of defence; but it could not in this manner raise the question of set-off.

This same question was raised in Jarecki v. Montgomery, 69 Pitts. L. J. 109, where it was held that the Practice Act limits the right of counter-claims to actions of *assumpsit;* and in Brown v. Syostek, 2 D. & C. 431, it was decided that a set-off or counter-claim cannot be set up in an action of trespass, although the claims of the plaintiff and the defendant both arise out of the same transaction. While there is one case to the contrary, I think this is the true rule. The rule is, therefore, made absolute. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.